UNITED STATES DISTRICT COURT
FOR THE in the Eastern district OF MICHIGAN
SOUTHERN DIVISION

BERTRAM MUSIC COMPANY, et al,

      Plaintiffs,

vs.

MAPLE ROAD RESTAURANT, LLC, et al,

      Defendants.

Case No. 08-11253

Hon. Patrick J. Duggan

Herschel P. Fink (P13427)
Brian D. Wassom (P60381)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7000
hpf@honigman.com
bdw@honigman.com
Attorneys for Plaintiffs

## CONSENT JUDGMENT

Plaintiffs, Defendant Maple Road Restaurant, LLC ("Maple"), Defendant Demetrios Michos, and Defendant George N. Michos (the latter two defendants being referred to as "the Michoses") having stipulated to the entry of this Consent Judgment,

It is therefore ORDERED, ADJUDGED AND DECREED:

1. Maple and the Michoses are enjoined and restrained permanently from publicly performing any or all of the copyrighted musical compositions in the repertory of the American Society of Composers, Authors, and Publishers ("ASCAP"), including those copyrighted musical compositions owned by Plaintiffs, and from causing or permitting such copyrighted musical compositions to be publicly performed, and from aiding and abetting public performances of such compositions, unless Maple shall have previously obtained permission to give such performances, either directly from the owners of the compositions, or by license from ASCAP.

2. Judgment is hereby entered against Maple and the Michoses in the sum of Twelve Thousand dollars ($12,000.00) (the "Judgment Amount"), to be satisfied by payment of Eight Thousand dollars ($8,000) ("the Settlement Amount"). Maple and the Michoses shall pay the Settlement Amount to ASCAP, on behalf of the Plaintiffs, in a lump sum payment within 5 calendar days of the entry of this Consent Judgment.

3. The aforementioned payment shall be made payable to the "American Society of Composers, Authors and Publishers" and delivered to ASCAP's attorneys, Honigman Miller Schwartz and Cohn LLP, c/o Brian D. Wassom, Esq., 2290 First National Building, Detroit, MI 48226; or such other recipient as ASCAP or its attorneys may designate.

4. In the event that Maple and the Michoses shall fail to make the payment in accordance with the provisions of paragraphs 2 and 3 above, Plaintiffs shall be entitled to receive the entire Judgment Amount, less any payment made by Maple and the Michoses as provided in Paragraph 2 above.

5. ASCAP and Maple shall promptly execute an ASCAP General License Agreement for the establishment known as "The Quarter Bistro," located at 77 N. Main, Mt. Clemens, Michigan for the term beginning January 1, 2008, with license fees pursuant to such license agreement for all periods through December 31, 2008 being included in the Settlement Amount. If Maple does not execute the license agreement within 10 days of ASCAP delivering same to Maple's counsel, Plaintiffs shall be entitled to receive the entire Judgment Amount, less any payment made by Maple and the Michoses as provided in Paragraph 2 above. With respect to license fees due for all periods beginning January 1, 2009, Maple shall timely submit payment of such fees to ASCAP.

6. Upon ASCAP's receipt of the full Settlement Amount (or full payment of the Judgment Amount in the event of default), Plaintiffs shall file a satisfaction of this Consent Judgment with the Court.

7. Neither Maple nor the Michoses shall willfully dissipate or encumber their assets in order to impair ASCAP's ability to collect the amounts due under this Consent Judgment. In the event that Maple or the Michoses files a petition in bankruptcy, any sum then due pursuant to this Consent Judgment shall constitute a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6). If the Judgment Amount becomes collectable as described in Paragraph 4 or 5, the assets subject to execution shall include alcohol, subject to the approval of the Michigan Liquor Control Commission.

8. This Consent Judgment shall bind and benefit the heirs, executors, administrators, successors, assigns, parents, affiliates, members and subsidiaries of ASCAP, Maple, and the Michoses.

9. This Consent Judgment constitutes the entire agreement between ASCAP, on behalf of the Plaintiffs, Maple, and the Michoses, and supersedes any prior agreements or understandings between ASCAP, Maple, and the Michoses, whether written or verbal, and may not be modified in any manner, except by a writing signed by ASCAP, Maple, and the Michoses.

IT IS SO ORDERED.

Dated: April 24, 2008

                                                                     s/Patrick J. Duggan
United States District Court Judge

We stipulate to the entry of the foregoing order:

<u>/s/ Richard H. Reimer, Esq., with consent</u>
Bertam Music Co., Olde Clover Leaf Music, Ray Henderson Music Co., Inc., Snug Music, C'est Music, and Milk Money Music, by their attorney-in-fact, American Society of Composers, Authors, and Publishers ("ASCAP")

By: Richard H. Reimer, Esq.
Senior Vice-President, Legal Services
ASCAP

Date: April 24, 2008

<u>/s/ Demetrios Michos, with consent</u>
Demetrios Michos, individually and as President of Maple Road Restaurant, LLC

Date: April 24, 2008

<u>/s/ George N. Michos, with consent</u>
George N. Michos

Date: April 24, 2008

Approved as to form:

/s/ Brian D. Wassom
Herschel P. Fink (P13427)
Brian D. Wassom (P60381)
Honigman Miller Schwartz and Cohn LLP
Attorneys for Plaintiffs
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7594
hpf@honigman.com
bdw@honigman.com

Date: April 24, 2008